Filed 6/17/25  P. v. Grimes CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. GERALD RICHARD GRIMES, Defendant and Appellant. | B336757 (Los Angeles County Super. Ct. No. LA033697) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard H. Kirschner, Judge.  Affirmed.

Milena Nelson Blake, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne, Ana R. Duarte, Megan Moine and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2000, a jury found Gerald Grimes guilty of infliction of corporal injury on a spouse (Pen. Code, § 273.5, subd. (a), count 1[1]), and making terrorist threats (former § 422, count 4). The court sentenced Grimes to concurrent terms of 26 years to life on count 1 and 39 years to life on count 4; the sentences included several enhancements based on prior convictions.

In 2022, Grimes petitioned for resentencing under section 1172.75, which invalidated certain sentence enhancements based on prior convictions. The trial court struck Grimes's enhancements and resentenced him to 25 years to life on count 1, and a concurrent term of 25 years to life on count 4. Grimes appealed.

Grimes asserts that the trial court erred in sentencing count 1, because following the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) (Reform Act), corporal injury of a spouse, which under the circumstances was not a serious or violent felony under the Penal Code, should not have been sentenced as a strike offense. The People concede this point. However, we follow the published case law holding that resentencing based on Reform Act changes is not authorized in the context of resentencing under section 1172.75.

Grimes also argues that the court should not have applied the well-established standard in denying his *Romero*[2] request, asserting that the court instead should have used a different

---

[1]     All undesignated section references are to the Penal Code.

[2]     See *People v. Superior Court (Romero)* (1996) 13 Cal. 4th 497 (*Romero*).

standard in light of the time that had passed since the offenses and Grimes's good behavior in prison. We find no error.

Finally, Grimes asserts that his sentence violates state and federal prohibitions on disproportionate punishment. This argument has been forfeited, and even if it had not, Grimes has not demonstrated that his sentence was disproportionate. We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Offenses and original sentence

As stated in the nonpublished opinion from Grimes's direct appeal, *People v. Grimes* (Feb. 28, 2001, B140435), "The evidence, briefly summarized in the light most favorable to the judgment, proved that on July 8, 1999, during a domestic argument, appellant threw a radio against a wall, threw a piece of the broken radio at his wife, punched her in the shoulder and temple, kicked her in the thigh, threatened her with scissors, repeatedly punched her in the head and chest, threatened to kill her, and punched her in the face." In 2000, a jury found Grimes guilty of infliction of corporal injury on a spouse (§ 273.5, subd. (a), count 1), and making terrorist threats (former § 422, count 4). The trial court sentenced Grimes to concurrent terms of 26 years to life on count 1, and 39 years to life on count 4. The sentences included enhancements for prior offenses under sections 667, subdivision (a)(1) and 667.5, subdivision (b), and on count 4, under section 12022, subdivision (b)(1).

### B. Petition for resentencing

In December 2022, Grimes moved for resentencing under section 1172.75 and *People v. Buycks* (2018) 5 Cal.5th 857.[3]

---

[3] "Senate Bill 483 [(2021–2022 Reg. Sess.)] added former section 1171.1, later renumbered as section 1172.75 (Stats. 2022,

3

Grimes noted that section 1172.75, subdivision (d)(3) stated, "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."

Grimes submitted evidence of his "overwhelming record of rehabilitation," including letters from California Department of Corrections and Rehabilitation (CDCR) correctional officers and other prison employees. Grimes noted that he had the lowest possible security classification score, he was 59 years old, and he had a number of medical problems, which all suggested a low risk of recidivism. He had also taken classes addressing depression, drug abuse, criminal thinking, and anger management.

---

ch. 58, § 12), to the Penal Code.[ ] (Stats. 2021, ch. 728, §§ 1, 3.) Penal Code section 1172.75 provides that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, [with exceptions not relevant here,] is legally invalid.' (Pen. Code, § 1172.75, subd. (a).) It further provides that if a currently incarcerated defendant is serving a sentence that includes such a legally invalid enhancement, 'the court shall recall the sentence and resentence the defendant.' (*Id.*, subd. (c).)" (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.) In *People v. Buycks*, the Supreme Court stated, "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*People v. Buycks, supra*, 5 Cal.5th at p. 893.)

4

Grimes stated that he only had two disciplinary infractions since 2000—one for failing to report to a work assignment, and one for hitting another inmate "over five years ago." The rules violation report attached to the motion showed that in May 2002, Grimes was written up for failing to "report to his assigned Vocational Landscape class as required." Grimes had received that work assignment in December 2001, but "he has continually refused to report to his work assignment daily." Grimes "pled guilty" to the charge. The second rules violation stated that Grimes "self-admitted" that he hit another inmate on August 30, 2017. Grimes stated that he hit the victim in the face twice as the victim sat on a bunk; the victim was transported to the hospital with a facial fracture. Grimes was charged with a rules violation for battery with serious bodily injury. The incident was referred to the local district attorney for possible prosecution; the district attorney declined to prosecute.

Grimes also argued that he fell "outside the spirit" of the three strikes law. He cited *People v. Williams* (1998) 17 Cal.4th 148, 161, in which the Supreme Court stated, "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." Grimes requested that a

5

prior strike be stricken under *Romero*, that certain enhancements be stricken, and that he be resentenced to a total of eight years.

## C. Opposition and reply

The People opposed Grimes's motion. The People recounted Grimes's 1999 crimes in detail, stating that he struck his wife "several times in the face, chest, breast, leg and shoulder, causing injuries that did not resolve for weeks. He imprisoned her in the bathroom during the beatings, held scissors to her and threatened her; he terrorized her with threats to kill her and her family; spit on her for the sole purpose of humiliating her; and backhanded his one year old child [*sic*] knocking his head into the toilet fixture after telling the victim she should have aborted the child because [Grimes] did not love him. Victim escaped from the assault and abuse with her child by forcing her way out of the home." The People also noted that in Grimes's 2000 trial, the jury deadlocked on a child abuse charge (§ 273a, subd. (a)) and found Grimes not guilty on an assault with a deadly weapons charge (§ 245, subd. (a)(1)). Further, two prior strike allegations were found true; and Grimes also admitted three prison priors and previous domestic violence convictions.

The People argued, "Whether a sentence is fair, consistent and 'in the interest of justice' is primarily determined by two factors: the defendant's criminal history and the nature of the commitment offense. The sentence for a <u>violent</u> crime by a <u>recidivist</u> criminal can only be ameliorated to a limited degree by subsequent good conduct in prison." The People also asserted that Grimes's "continuous and violent criminal history leading up to the commitment offenses, the brutality of the offenses themselves, and his relatively recent assaultive conduct (which is very similar to the conduct of the commitment offenses) present

6

significant concerns of public safety if [Grimes] were to be released." The People requested that the court impose the original sentence, "minus the now-illegal PC §667.5(b) enhancements."

In his reply, Grimes stated that he "does not challenge the seriousness of the offense or the legality of his current conviction, nor does he allege that he was improperly sentenced under the Three Strikes Law in 2000. Instead, he asks this court to consider his significant record of rehabilitation, whether he currently poses a risk to public safety, and recent changes to sentencing laws, to determine that if Mr. Grimes' 'continued incarceration is no longer in the interest of justice.'" Grimes submitted several additional documents supporting his request for release, including letters from a former federal probation officer, a psychologist, and a public safety consultant.

In response, the People also submitted additional documents, including the transcript from a 2020 hearing in which Grimes was denied parole, and a statement by Grimes's victim. In the parole hearing, Grimes told the parole board that he only physically abused his ex-wife "[t]hat one time," even when the parole board questioned him on the issue.

**D.    Court ruling**

At the resentencing hearing on October 2, 2023, the court noted that "the current judgment includes four one-year 667.5 enhancements. Three were imposed. One was stayed. All of those enhancements are legally invalid, and the court dismisses those enhancements." The court stated that it had read the information submitted by the parties. The defense called witness Richard Subia, a former CDCR warden and public safety expert, who testified that Grimes no longer posed an unreasonable risk of

7

dangerousness to public safety. The defense also called psychologist Rahn Minagawa, who similarly testified that Grimes would not pose a significant threat to the community if he were released.

The People called Grimes's ex-wife, the victim of the crime, who testified about multiple domestic violence incidents before Grimes was convicted, including one in which Grimes killed her kitten. The ex-wife also testified about incidents following Grimes's conviction, including his attempts to contact her and her ongoing fear even after he was incarcerated. The court asked whether the People would file the case as a third strike if it were filed today; the People confirmed that it would. The court continued the hearing to get more information about Grimes's prior convictions.

After several continuances and additional filings by Grimes, the court resentenced Grimes on February 14, 2024. The court noted that it had already dismissed the invalid enhancements under section 667.5. The court said, "There are two separate and distinct issues before the court," the "remaining enhancements resentencing and the *Romero* motion." The court discussed the evidence submitted by Grimes, and dismissed the enhancements under sections 667, subdivision (a) and 12022, subdivision (b)(1).

Turning to Grimes's request to strike a prior strike under *Romero*, the court stated that the relevant consideration was the "risk to public danger," and that a court "may give no weight whatsoever to factors extrinsic to the three-strikes scheme." The court stated, "When the three-strikes life sentence was imposed on Mr. Grimes in this matter 24 years ago, the defendant's prior criminal history in conduct richly, richly merited the three-

8

strikes sentence." The court discussed the crime, and noted that Grimes assaulted someone in prison in 2017. The court noted the prison assault was "uniquely situational," but it nevertheless was a subsequent act of violence. The court stated, "The question now is whether 24 years of good conduct in prison, coupled with the blemishes of serious physical violence inflicted upon a fellow prisoner six years ago, and lying to the parole board about previous violence against the victim, as well as lying to the court now about previous violence to the victim. [*Sic*] [¶] Is that such a change in his background and character to ameliorate the three-strikes sentence for a violent crime by a recidivist criminal, placing him outside the spirit of the three-strikes scheme in whole or in part. The answer is no. [¶] The *Romero* motion is denied."

The court therefore resentenced Grimes to 25 years to life on count 1 (injury to spouse) as a third strike, and a concurrent term of 25 years to life on count 4 (criminal threats). Grimes timely appealed.

## DISCUSSION

Grimes asserts three arguments on appeal. First, he contends that the trial court erred in sentencing count 1 as a strike offense. Second, he argues that the trial court should have stricken one of his strike offenses under *Romero*. Finally, Grimes asserts that his sentence constitutes an unconstitutional disproportionate penalty. We find no error.

## A. Sentencing on count 1

Petitioners who qualify for a recall of their sentences under section 1172.75 are generally entitled to a full resentencing. (See, e.g., *People v. Rogers* (2025) 108 Cal.App.5th 340, 361 (*Rogers*); *People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

Grimes was originally sentenced in 2000.  At that time, "[u]nder the original Three Strikes law, a defendant with two or more prior serious or violent felony convictions would be sentenced to a life term for a current felony conviction even if the current conviction was not for a serious or violent felony.  (Former §§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(C).)  Voters enacted Proposition 36, the Reform Act, in 2012.  Under the Reform Act, a defendant with two or more prior convictions for serious or violent felonies, whose current conviction was for a nonserious or nonviolent felony, would no longer receive a life sentence.  Instead, the term for the current offense would be doubled. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)"  (*People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978, 983, review granted Mar. 12, 2024 S283305 (*Guevara*).)

Grimes correctly points out that count 1, corporal injury of a spouse (§ 273.5, subd. (a)) is not listed as a serious or violent felony under section 667.5, subdivision (c) or 1192.7, subdivision (c). He contends that based on Reform Act changes, the trial court below should not have sentenced count 1 as a third strike offense. He argues that section 1172.75, subdivision (d)(2) instructs that in resentencing, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." The People concede this point under the circumstances of this case and agree that the matter should be remanded for resentencing on count 1.

However, five published cases have held that in the context of resentencing under section 1172.75, courts generally are not authorized to resentence a petitioner pursuant to Reform Act

10

changes. (See *Guevara, supra*, 97 Cal.App.5th 978, review granted; *People v. Terwilligar* (2025) 109 Cal.App.5th 585 (*Terwilligar*); *People v. Superior Court (Williams)* (2024) 102 Cal.App.5th 1242, review granted Aug. 28, 2024, S286128 (*Williams*); *People v. Santos* (2024) 100 Cal.App.5th 666, review granted May 29, 2024, S284341 (*Santos*); *People v. Kimble* (2024) 99 Cal.App.5th 746, review granted Apr. 24, 2024, S284259 (*Kimble*).) The issue is currently before the Supreme Court.

The parties did not discuss these cases in their briefs, so we ordered supplemental briefing on the issue.[4] The People submitted a supplemental brief asserting that the *Guevara*/*Terwilligar* line of cases was wrongly decided, and that section 1172.75 allows a court to include Reform Act changes when resentencing a petitioner pursuant to section 1172.75. Grimes filed a supplemental brief largely agreeing with the People.

The People asserted a similar position in *Terwilligar, supra*, 109 Cal.App.5th 585. There, our colleagues in the First District, Division Five held that despite the People's concession, courts are not authorized to resentence a petitioner pursuant to Reform Act changes in the context of a section 1172.75 petition. (*Id*. at p. 582.) We reach the same conclusion. The *Guevara*/*Terwilligar* line of cases explain their reasoning clearly

---

[4]     The People stated in a footnote that *Guevara* is before the Supreme Court, without any discussion of the issues in that case. Counsel on both sides have a duty of candor to disclose all relevant legal authority, even if it is adverse to their clients' positions (Rules Prof. Conduct, rule 3.3(a)(2)), and should have addressed this issue in their initial briefing.

11

and thoroughly, so there is no need for a full analysis here.  We therefore describe their holdings only briefly.

As noted above, the Reform Act was approved by voters in 2012 as Proposition 36.  "[U]nder the California Constitution, 'the Legislature may not amend a statute enacted by initiative unless the initiative allows such an amendment, and then only upon such conditions the voters attach.'  [Citations.]  Here, '[t]he Reform Act allows the Legislature to amend it by statute only if the statute passes each house of the Legislature by a vote of two-thirds of the membership,' and Senate Bill 483[5] 'did not pass the Senate with a two-thirds vote.'" (*Terwilligar, supra*, 109 Cal.App.5th at p. 597; see also *Guevara, supra*, 97 Cal.App.5th at p. 987, review granted ["because section 1172.75 was not enacted by a two-thirds vote of both houses of the Legislature, it is not the mechanism for relief for those serving an indeterminate term pursuant to the Reform Act"].)  Thus, section 1172.75 cannot be interpreted as amending the Reform Act.[6]

As such, "Senate Bill 483 is unconstitutional to the extent it amends the Reform Act, and . . . applying the revised penalty provisions of the Reform Act during section 1172.75 resentencing

---

[5]     Section 1172.75 was enacted by Senate Bill No. 483. See footnote 3, *ante*.

[6]     "The original Three Strikes law was enacted by the Legislature and also enacted by the voters as Proposition 184 on November 8, 1994.  The original Three Strikes law does not allow the Legislature to amend it by statute except by a vote of two-thirds of the membership of each house.  (Prop. 184, § 4.)" (*Guevara, supra*, 97 Cal.App.5th at p. 986, review granted.) Thus, section 1172.75 also cannot amend the original Three Strikes law.

would constitute such an amendment." (*Terwilligar, supra*, 109 Cal.App.5th at p. 597.) The *Terwilligar/Guevara* line of cases discuss three areas in which the two statutes may conflict, and therefore the Reform Act must control.

First, the two statutes differ regarding timing. Section 1170.176 is the portion of the Reform Act that sets out the procedure for seeking resentencing; it "permits an inmate to petition for resentencing 'within two years after the effective date of the act that added this section or at a later date upon a showing of good cause.' (§ 1170.126, subd. (b).)" (*Terwilligar, supra*, 109 Cal.App.5th at p. 598.) "Allowing a defendant to benefit from the revised penalty provisions" of the Reform Act by seeking resentencing under section 1172.75, without regard to the Reform Act's two-year limitation period, which expired in 2014, "would, absent a showing of good cause,[ ] be contrary to the voters' intent to allow defendants to seek resentencing under the Reform Act only 'within a reasonable time after its enactment.'" (*Terwilligar, supra*, 109 Cal.App.5th at p. 598, citing *Kimble, supra*, 99 Cal.App.5th at p. 755, review granted; *Williams, supra*, 102 Cal.App.5th at p. 1263, review granted.) Grimes's petition for resentencing was not made within this two-year timeframe, and there has been no showing of good cause for delay.

Second, the evidentiary burden regarding public safety in resentencing differs between the Reform Act and section 1172.75. "Specifically, while section 1170.126, subdivision (f) provides for denial of resentencing where the trial court 'in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety,' section 1172.75, subdivision (d)(1) mandates imposition of a lesser sentence

13

'unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.'" (*Terwilligar, supra*, 109 Cal.App.5th at p. 597; see also *Williams, supra*, 102 Cal.App.5th at p. 1260-1262, review granted; *Guevara, supra*, 97 Cal.App.5th at p. 987, review granted.) Thus, "in passing the Reform Act, the voters intended to balance ameliorating the harshness of the original Three Strikes law with protecting public safety." (*Guevara, supra*, 97 Cal.App.5th at p. 985, review granted.) Employing the lower standard of section 1172.75 rather than the higher standard of 1170.126 when implementing Reform Act sentencing changes would "unconstitutionally eliminate[ ] the public safety half of the balance." ( *Ibid.*)[7]

Third, reading section 1172.75 to allow resentencing under the Reform Act would lead to illogical results. Section 1172.75 resentencing is available only to defendants serving sentences that include enhancements based on prior convictions. As the *Guevara* majority observed, it would be "unfair" to provide belated Reform Act relief "only to those inmates serving an

---

[7]    Allowing section 1172.75 resentencing despite the stricter public safety standards of section 1170.126 would result in especially anomalous results in cases such as *Williams, supra*, 102 Cal.App.5th at p. 1267, review granted and *Kimble, supra*, 99 Cal.App.5th at p. 756, review granted, in which the petitioners sought relief under the Reform Act and their petitions were denied based on the risks they posed to public safety. In such cases, to allow the petitioners a "second bite at the apple" under the more relaxed standards of section 1172.75 would further undermine the public safety balance inherent in the Reform Act. Here, the record does not reveal whether Grimes previously petitioned for relief under the Reform Act.

14

indeterminate term with prior prison term enhancements and to exclude relief to those with a lesser criminal history." (*Guevara, supra*, 97 Cal.App.5th at p. 987, review granted.) Indeed, section 1172.75 itself states that it is intended to "eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2))—an end that would not be served if Reform Act changes were applied in this way.

In supplemental briefing, the People argue that the *Guevara/Terwilligar* line of cases were wrongly decided. They urge us to adopt the reasoning of the dissent in *Guevara*, which states, "Because the trial court recalled his sentence, Guevara was no longer '*presently* serving an indeterminate term of imprisonment' (§ 1170.126, subd. (a), italics added); in the words of the court below, Guevara was an 'un-sentenced [d]efendant,' so section 1170.126 no longer applied to him (§ 1170.126, subd. (a) [section 1170.126 applies '*exclusively*' to those serving indeterminate terms (italics added)]). Instead, when the court resentenced Guevara pursuant to section 1172.75, subdivision (d), it was required to do so pursuant to section [1172.75]." (*Guevara, supra*, 97 Cal.App.5th at p. 991, review granted (dis. opn. of Baltodano, J.).)

We join the cases that disagree with this interpretation. As the *Williams* court stated, "We believe the applicability of section 1170.126's resentencing provisions to 'persons presently serving an indeterminate term of imprisonment' (§ 1170.126, subd. (a)) refers to defendants who were then serving such a term under the Three Strikes law at the time section 1170.126 went into effect in 2012." (*Williams, supra*, 102 Cal.App.5th at p. 1263, review granted; see also *Terwilligar, supra*, 109 Cal.App.5th at p. 604 [this "construction is the only one that comports with the

15

voters' well-established intent that a person serving a life sentence at the time of the enactment would only be resentenced to a determinate term following the specified public safety determination"]; *Santos, supra*, 100 Cal.App.5th at p. 677, review granted ["it is a 'leap in logic' to suggest the voters who passed the Reform Act would not consider defendant to be 'presently serving' a third strike sentence"].)  As such, we are unpersuaded by the reasoning of the dissent in *Guevara*.

Thus, we find that Grimes has not demonstrated that the trial court erred with respect to the sentence on count 1.

## B.   *Romero* **request**

When resentencing a petitioner under section 1172.75, a trial court has "the authority to exercise its discretion under section 1385[, subdivision (a)] and *Romero* to strike any or all of [the petitioner's] strike priors." (*Rogers, supra*, 108 Cal.App.5th at p. 364.)  Grimes argues that here, the "trial court abused its discretion at sentencing by applying the wrong legal standard." He notes that the court considered the standards articulated in *People v. Williams, supra*, 17 Cal.4th 148, in determining whether Grimes fell outside the "spirit" of the Three Strikes law. Grimes argues this was error, because the "well-established standard" from *People v. Williams* "makes perfect sense when applied shortly after a defendant's conviction and a trial court must decide the propriety of a life sentence," but it "makes less sense" when the "sentencing hearing takes place decades after the defendant's conviction."[8]

---

[8]      Grimes's opening brief on this issue is vague; he does not mention a *Romero* request or section 1385, subdivision (a), nor does he explicitly argue that the court erred in declining to strike one of Grimes's strikes.  Grimes's reply brief more clearly states

16

A trial court's refusal to strike a prior conviction is subject to review for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) "'"[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary."'" (*Id.* at p. 376.)

The standards for a *Romero* request are well established. As noted above, "In ruling on a *Romero* motion, the court must consider whether 'the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.'" (*People v. Salazar* (2023) 15 Cal.5th 416, 428 (*Salazar*), quoting *People v. Williams, supra*, 17 Cal.4th at p. 161.) Thus, "courts asked to dismiss a prior conviction at sentencing that would significantly enhance punishment under California's three strikes law may not rely on factors extrinsic to that sentencing scheme . . . . [Citations.] Instead, sentencing courts consider factors intrinsic to that scheme, 'as informed by generally applicable sentencing principles,' such as the nature of the charged and prior offenses and the defendant's 'background, character, and prospects.'" (*Wheeler v. Appellate Division of Superior Court* (2024) 15 Cal.5th

---

that this "wrong standard" argument relates to his *Romero* request. Because the People addressed Grimes's *Romero* request in their respondent's brief, we consider the merits of the contention rather than treat it as forfeited. (See, e.g., *People v. Lombardo* (2020) 54 Cal.App.5th 553, 565 [the court may treat as forfeited an "undeveloped" argument].)

17

1193, 1207, quoting *People v. Williams, supra*, 17 Cal.4th at p. 160.)

We are not aware of any authority supporting Grimes's contention that when addressing a *Romero* request in the context of resentencing under section 1172.75, a court should employ different sentencing considerations. Our Supreme Court has made clear that the Three Strikes law ""'does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court 'conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme.""' (*Salazar, supra*, 15 Cal.5th at p. 428, quoting *Carmony, supra*, 33 Cal.4th at p. 377.) Thus, the Three Strikes law "carefully circumscribes the trial court's power to depart from this norm," and "creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Carmony, supra,* 33 Cal.4th at p. 378; see also *People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1105 [a "trial court is empowered to strike a prior strike conviction 'in the furtherance of justice,'" but "that great power should only be used in 'extraordinary' circumstances, when the ends of justice demand it"].)

In the context of section 1172.75, the court in *Rogers, supra*, 108 Cal.App.5th 340, for example, considered a *Romero* request and followed the traditional standard. The court stated that "the Three Strikes law is not discretionary in nature. Rather, the law must be applied when the defendant has two or more prior strikes, unless the court concludes an exception to the

18

law should be made.'" (*Rogers, supra*, 108 Cal.App.5th at p. 365, quoting *People v. Mayfield, supra,* 50 Cal.App.5th at p. 1105.)

Grimes does not cite any authority supporting his argument that a different standard should apply in the context of section 1172.75 resentencing; he asserts only that doing so makes "logical sense." Grimes therefore has not met his burden to show that the trial court erred by relying on the well-established standard.

## C.     Cruel and unusual punishment

Finally, Grimes asserts that a life sentence for "non-violent" crimes violates "state and federal prohibitions on disproportionate punishment." The People assert that Grimes forfeited this argument by failing to raise it below. Grimes asserts that we may address the issue as a pure question of law based on undisputed facts.

The contention is forfeited. The argument that a sentence constitutes cruel and unusual punishment under the United States Constitution or the California Constitution "requires a 'fact specific' inquiry [citation], and those facts and their import to the analysis must be developed in the trial court." (*People v. Brewer* (2021) 65 Cal.App.5th 199, 212.) Thus, failure to object on this basis in the trial court forfeits the issue. (*Ibid*.; see also *People v. Baker* (2018) 20 Cal.App.5th 711, 720; *People v. Speight* (2014) 227 Cal.App.4th 1229, 1247.)

Even if Grimes had not forfeited this argument, it is not persuasive. Grimes provides no analysis as to why his sentence constitutes cruel and unusual punishment. He cites only two cases and contends they are "similar." In one case, *People v. Avila* (2020) 57 Cal.App.5th 1134, the defendant was convicted of attempted second degree robbery and attempted extortion; he

19

was sentenced to 25 years to life plus 14 years. (*Avila*, *supra*, at p. 1139.) The Court of Appeal found that the sentence constituted cruel or unusual punishment under the California Constitution, in part because "Avila did not use violence against either of his victims. He did not verbally or physically threaten them." (*Id*. at p. 1146.) Here, by contrast, Grimes did use violence against his ex-wife, and he did verbally and physically threaten her. The reasoning in *Avila* is therefore not applicable here.

In the other case, *Ramirez v. Castro* (9th Cir. 2004) 365 F.3d 755, the Ninth Circuit found that the defendant's 25 years to life sentence for shoplifting a VCR constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution. The court noted that the sentence was "more severe than the sentence he would have faced had any one of his three crimes been murder, manslaughter, or rape." (*Ramirez*, *supra*, 365 F.3d at p. 756.) The court also noted that the defendant did not have a violent criminal history; his previous two convictions for second degree robbery resulted from a single guilty plea. (*Id*. at p. 768.) Here, by contrast, Grimes's crimes were violent, he had several prior convictions for violent felonies, and he admitted to battering another person while in prison. Thus, the reasoning of *Ramirez* is also not applicable.

Grimes has therefore not demonstrated that his sentences constitute disproportionate punishment, or that the trial court otherwise erred in resentencing him.

20

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, ACTING P. J.

We concur:

MORI, J.

DAUM, J.[*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

21